[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10350
Non-Argument Calendar
_____

D.C. Docket No. 0:03-cr-60182-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILSON JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 15, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Proceeding *pro se*, defendant Wilson Joseph moved the district court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, requesting a sentence at the low end of his amended guideline range.  The district court granted Defendant's § 3582(c)(2) motion, but only reduced his sentence to the high end of his amended guideline range.  Defendant appeals the district court's decision, arguing that the district court abused its discretion by not further reducing his sentence.  After careful review, we affirm.

## I. Background

In 2004, a jury convicted Defendant of conspiracy to possess with the intent to distribute at least five kilograms of cocaine and attempting to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The probation office subsequently prepared Defendant's Presentence Investigation Report ("PSR").  Because Defendant's offense involved the equivalent of 37,640.51 kilograms of marijuana,[1] Defendant's base offense level was 38.  The PSR applied no enhancements or reductions and thus Defendant's total offense level was 38.  Given Defendant's lack of criminal

---

[1]  In the PSR, Defendant was held accountable for 510.1 grams of marijuana and 188.2 kilograms of cocaine.  To calculate a single offense level, the probation officer converted these quantities into their marijuana equivalents.  *See* U.S.S.G. § 2D1.1, cmt. (n.8(B)).  Under the Drug Equivalency Tables, one gram of cocaine equaled 200 grams of marijuana.  *Id.* § 2D1.1, cmt. (n.8(D)).  Thus, after conversion, Defendant was accountable for 37,640.51 kilograms of marijuana.

history, he qualified for a criminal history category of I.  With a total offense level of 38 and a criminal history category of I, Defendant's guideline range was 235 to 293 months' imprisonment.  The district court sentenced Defendant to concurrent terms of 276 months' imprisonment.  It explained that a sentence towards the upper end of the guideline range was necessary because Defendant had perjured himself.  In fact, Defendant's perjury could have justified a further two-level enhancement for obstruction of justice, which would have resulted in an offense level of 40 and a guideline range of 292-365 months.  Nevertheless, the court decided that a sentence toward the high end of the range that had been calculated without inclusion of the obstruction enhancement was adequate.

In November 2014, Defendant moved for a sentence reduction, asserting that he was entitled to a two-level reduction under Amendment 782 of the Sentencing Guidelines, which reduced his guideline range to 188 to 235 months.  Citing his Bureau of Prisons' Progress Report, which reflected his good behavior while in prison, his enrollment in GED classes, and his participation in programs that demonstrated his commitment to abiding by the law, Defendant argued that his sentence should be reduced to 188 months or, in the alternative, 229 months.  The Government agreed that Amendment 782 applied and requested that the court reduce Defendant's sentence to 188 months.

3

The district court agreed that Defendant's motion to reduce his sentence should have been granted. The court considered Defendant's specific circumstances and the 18 U.S.C. § 3553(a) sentencing factors and exercised its discretion to reduce Defendant's sentence, but it declined to reduce the sentence as much as the parties requested. Instead, the court imposed a sentence of 235-months' imprisonment, which was at the high end of the amended guideline range. The court explained that, given Defendant's perjured testimony at trial and during his subsequent § 2255 habeas corpus proceeding, a sentence at the high end of the amended guideline range was necessary to account for Defendant's obstruction of justice. The district court subsequently denied Defendant's motion for reconsideration

Defendant now appeals from the district court's grant of his § 3582(c)(2) motion. He argues that the district court abused its discretion by basing its decision as to the amount of a reduction on Defendant's perjury at trial because this conduct had already been considered at the time his original sentence was imposed. Defendant also argues that the district court failed to adequately consider the § 3553(a) factors or his post-sentencing conduct.

## II. Discussion

We review *de novo* a district's court's legal conclusions on the scope of its authority under § 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th

4

Cir. 2008). Where a defendant is eligible for a § 3582(c)(2) sentence reduction, we review a district court's decision to grant or deny a sentence reduction for abuse of discretion. *Id.* at 1368 n.1.

Under § 3582(c)(2), a district court may modify a term of imprisonment when the original sentencing range has subsequently been lowered as a result of an amendment to the Guidelines by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). To be eligible for a sentence reduction under § 3582(c)(2), a defendant must identify an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a)(1). Amendment 782, which is listed in § 1B1.10(d) and which became effective November 1, 2014, reduced by two levels the base offense level for most drug offenses. *See id.* § 1B1.10(d); U.S.S.G. App. C, Amend. 782 (2014).

In considering a § 3582(c)(2) motion, a district court must engage in a two-part analysis. *United States v. Bravo,* 203 F.3d 778, 780 (11th Cir. 2000). First, the court must recalculate the sentence under the amended guidelines. *See id.* After the court has calculated the new guidelines range, the court must then "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Id.* at 781; *see also United States v. Vautier,* 144 F.3d 756, 760 (11th Cir. 1998) ("The grant of authority to the district court to reduce a term of imprisonment [under

5

§ 3582(c)(2)] is unambiguously discretionary.").  In exercising this discretion, the court should consider the § 3553(a) factors.[2]  *Bravo*, 203 F.3d at 781.  The court should also consider the nature and seriousness of the danger to any person or community that may be posed by a reduction, and the court may consider the defendant's post-sentencing conduct.  *United States v. Smith*, 568 F.3d 923, 927 (11th Cir. 2009).

Here, it is undisputed that Defendant is eligible for a § 3582(c)(2) sentence reduction because Amendment 782 lowered Defendant's advisory guideline range to 188 to 235 months' imprisonment.[3]  *See* U.S.S.G. § 1B1.10(a)(1) and (d).  And, in fact, the district court sentenced Defendant within that newly-calculated sentencing range.  Further, we discern no abuse of discretion in the district court's decision to resentence Defendant to the top of this amended guideline range. While the district court did not explicitly discuss the § 3553(a) factors, the record

---

[2]  The § 3553(a) factors include:  (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

[3]  Under the Guidelines in effect at the time of Defendant's original sentencing, a drug quantity equivalent to 37,640.51 kilograms of marijuana resulted in a base offense level of 38.  U.S.S.G. § 2D1.1(c)(1) (2003).  As a result of Amendment 782, the Guidelines now provide that this drug quantity results in a base offense level of 36.  U.S.S.G. § 2D1.1(c)(2) (2014).  Accordingly, given Defendant's amended offense level of 36 and criminal history category of I, his amended guideline range is 188 to 235 months.  U.S.S.G. Ch. 5 Pt. A.

reflects that the court properly considered the applicable factors. *See United States v. Williams,* 557 F.3d 1254, 1256 (11th Cir. 2009) (stating that the district court is not required to articulate the applicability of each factor as long as the record as a whole demonstrates that the pertinent factors were taken into account). The district court expressly considered Defendant's perjury at trial and at his post-conviction habeas proceeding, which is relevant to his history and characteristics and the need to promote respect for the law, both of which are § 3553(a) factors. *See* 18 U.S.C. § 3553(a).

Contrary to Defendant's argument, the district court's consideration of his perjury at trial did not amount to an impermissible reconsideration of an original sentencing determination. *See United States v. Moreno,* 421 F.3d 1217, 1220 (11th Cir. 2005) (stating that resentencing under § 3582(c)(2) does not constitute a *de novo* resentencing, and that all "original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing" (quotation omitted)). Indeed, the reduced sentence did not reflect a guideline enhancement for Defendant's perjury. Rather, just as it had done when it had originally sentenced Defendant, the court considered this conduct only to determine where in the guideline range Defendant should be sentenced. As to Defendant's argument that because the district court originally sentenced him to 17 months below the high end of his original guideline, it was

7

required to sentence him to at least 17 months below the high end of his amended guideline range, Defendant cites no authority for this proposition.  Finally, the district court did not abuse its discretion by failing to give Defendant greater credit for his good behavior while incarcerated.  While the court is permitted to consider such conduct, it is under no obligation to do so.  *See Smith,* 568 F.3d at 927.  Accordingly, the district court did not abuse its discretion in finding that a reduced sentence at the top of the amended guideline range was appropriate in light of the § 3553(a) factors, notwithstanding Defendant's evidence of good conduct during incarceration.  We therefore affirm the denial of Defendant's § 3582(c)(2) motion.

**AFFIRMED.**